NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CARLOS GONZALEZ,                    :
                                    :  Civil Action No. 14-2958 (RMB)
        Petitioner,                 :
                                    :
        v.                          :
                                    :
JAVIER D. RODRIGUEZ, et al.,        :
                                    :  **MEMORANDUM OPINION AND ORDER**
        Respondent.                 :
_____ :


**BUMB, District Judge:**

On November 15, 2013, Petitioner, a state inmate currently confined at the Institution Ponce Main, Ponse, Puerto Rico, filed a § 2254 habeas petition challenging his burglary conviction rendered by New Jersey Superior Court, Law Division, under the indictment No. I-794-03-96.[1]  That filing gave rise to Gonzalez v. Rodriguez ("Gonzalez-I"), Civil Action No. 13-6919.  On December 11, 2013, this Court screened the Gonzalez-I petition, dismissed it as untimely and declined to issue a certificate of appealability ("COA").[2]  See Gonzalez-I, Docket Entry No. 2.

---

[1]  Petitioner's burglary conviction arose from the events of September 9, 1995.  See https://www.state.nj.us/DOC_Inmate/details?x=1375405&n=0.

[2]  In light of United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), this Court retained its jurisdiction over Gonzalez-I for sixty days so to allow Petitioner an opportunity to state his grounds for equitable tolling, if any. Petitioner did not take advantage of his Bendolph opportunity.

Petitioner appealed.  See id., Docket Entry No. 4.  On March 27, 2014, the Court of Appeals denied Petitioner COA and affirmed this Court's findings.  See id., Docket Entry No. 9, at 2 ("Although the District Court gave [Petitioner] an opportunity to address equitable tolling, [he] has not done so and has not even acknowledged the issue of timeliness in his application for a certificate of appealability in [the] Court [of Appeals]").  That order was docketed on April 8, 2014.  See id.

One month later, i.e., on May 7, 2014, Petitioner executed another § 2254 petition, giving rise to the proceedings at bar. See Gonzalez v. Rodriguez ("Gonzalez-II"), Civil Action No. 14-2958, Docket Entry No. 1, at 16.  In Gonzalez-II, he challenged his numerous aggravated assault and weapons-offense convictions (collectively, "Second Conviction") rendered by the New Jersey Superior Court, Law Division, on April 19, 2007, under indictment No. I-1985-08-91.[3]  See id. at 2.

---

[3]  The events underlying the Second Conviction were as follows:

> On October 9, 1990, [Petitioner] escaped from the New Jersey Training School for Boys, where he was serving a juvenile disposition under the name Carlos Gonzalez. The Juvenile Justice Commission listed [Petitioner's] birth date as July 21, 1972.  [Petitioner's] actual birth date is January 3, 1967.  On May 4, 1991, [Petitioner] stabbed Jose Garcia in the stomach.  An eyewitness reported to the police that Carlos Gonzalez, also known as Hugo Velez, was the assailant.  The Camden County Prosecutor's Office (CCPO) investigated the incident and learned . . . that he presented a social security card with the name "Hugo R. Velez

Petitioner stated that he did not challenge his Second Conviction on direct appeal. See id. Rather, he challenged it in an application for post-conviction relief ("PCR"). See id. at 4. He stated that the Law Division denied him PCR on 17, 2010, see id., and the Appellate Division affirmed on December 6, 2012. See id. at 5. He also stated that the Supreme Court of New Jersey denied him certification on June 13, 2013. See id. at 6. Addressing the issue of timeliness of his Gonzalez-II petition, he merely wrote, "Note: this habeas petition is been filed within the one year period of limitation term established by federal law." Id. at 15. Petitioner's position as to timeliness is

---

> Martin" when he applied for a job [and that he] received municipal welfare under the name Hugo Velez. On August 14, 1991, [he was] indicted . . . for . . . aggravated assault [and weapon offenses]. When [he] failed to appear at two pretrial proceedings . . . , the court issued bench warrants for his arrest. CCPO attempted to locate him using both [his] names . . . without success. On July 5, 1993, [he] was apprehended and later placed. . . custody [but] CCPO did not realize [he] was the same person as the suspect in the 1991 stabbing case. The same year, authorities in Puerto Rico informed CCPO that they had the suspect in the sexual assault case in custody in Puerto Rico on robbery charges. . . . Subsequently, CCPO filed a detainer based on the sexual assault charges, resulting in [Petitioner's] return to New Jersey . . . . After [Petitioner's] return to New Jersey, CCPO realized that [he] was the suspect [also in] the stabbing case. The . . . delay [was a result of Petitioner's use] of a false name, false social security number, and a false birth date at the time of the stabbing in 1991.

State v. Gonzalez, 2012 WL 6049089, at *1 (N.J. Super. Ct. App. Div. Dec. 6, 2012).

contradicted by the state record, as reflected in the Appellate Division's decision he referred to in his Gonzalez-II petition.

> The trial relating to the charges stemming from the stabbing incident began on February 28, 2007. . . . On March 6, 2007, the jury returned a guilty verdict . . . . On April 19, 2007, [Petitioner] appeared for sentencing. [More than three years passed by.] On June 14, 2010, [he] filed a verified [application] for PCR. On September 15, 2010, [his] attorney filed a brief in support of [his application] petition.

Gonzalez, 2012 WL 6049089, at *2.

Since this Court's Gonzalez-I decision already detailed to Petitioner the operation of the limitations period, another recital of the same appears superfluous. Thus, it shall suffice to state only that, since Petitioner did not challenge his Second Conviction on direct appeal, that Second Conviction became final on June 1, 2007, i.e., forty five days from April 19, 2007, see N.J. Ct. Rule 2:4-1(a), and triggered his one-year AEDPA period, which expired on May 31, 2008, *more than two years prior* to his June 14, 2010, filing of the PCR application. Correspondingly, his PCR proceedings (from June 14, 2010, to June 13, 2013), cannot render his Gonzalez-II petition timely. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004). Unless he establishes a basis for equitable tolling as to his Gonzalez-II petition, it is subject to dismissal as untimely.

Here, Petitioner could, but elected not to address the equitable tolling issue. All he offered this Court was merely a

4

self-serving, conclusive statement that his Gonzalez-II petition was timely. Yet, as this Court's analysis detailed in Gonzalez-I, Petitioner had no "extraordinary circumstance [standing] in his way," Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), and the record is abundantly clear that he kept actively litigating in the state fora during the relevant period, while neglecting his federal rights.[4] See LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003). Indeed, even after the Supreme Court of New Jersey denied him certification, he still waited almost eleven months (from June 13, 2013, to May 7, 2014) to file his Gonzalez-II petition.

> [I]n light of Petitioner's blatant disregard for the consequences of his systemic and wilful laxness, this Court is constrained to deny him equitable tolling.

Webster v. Ricci, 2013 U.S. Dist. LEXIS 88945, at *45-46 (D.N.J. June 25, 2013) (citing Munchinski v. Wilson, 694 F.3d 308, 331 (3d Cir. 2012), for the observation that a litigant shall not be rewarded for "sleeping on his rights" and noting that "[f]inding otherwise would make a mockery of those litigants who did and do go through the very same state court process and yet meet their deadlines or act with utmost diligence and promptness when faced

---

[4] Had Petitioner had any doubts, he could have commenced a § 2254 proceeding years ago so to obtain stay and abeyance of his federal petition at the time when he was contemplating and then litigating his PCR applications. See Rhines v. Weber, 544 U.S. 269 (2005); accord Pace, 544 U.S. at 416.

5

with extraordinary circumstances"). Since no equitable tolling appears warranted, the Gonzalez-II petition will be dismissed for failure to meet the AEDPA requirements.

In light of Petitioner's election not to take advantage of his Bendolph opportunity as to his Gonzalez-I petition, an offer of the same opportunity as to his Gonzalez-II petition might prove futile. However, out of an abundance of caution and mindful of Petitioner's pro se litigant status, this Court finds it prudent to allow him a Bendolph opportunity to respond. Thus, the Court will retain jurisdiction over Gonzalez-II for sixty days so he could state his grounds for equitable tolling, if any.

Finally, the Court is obligated to determine whether the Gonzalez-II petition, as filed, warrants issuance of a COA. Here, jurists of reason would not find the procedural disposition of this Court debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, no COA will issue.

IT IS, therefore, on this **22nd** day of May **2014**,

**ORDERED** that the Petition, Docket Entry No. 1, is denied as untimely; and it is further

**ORDERED** that no certificate of appealability shall issue; and it is further

**ORDERED** that the Court retains jurisdiction over this matter for the period of sixty days from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED SUBJECT TO REOPENING UPON PETITIONER'S TIMELY FILING OF A WRITTEN STATEMENT DETAILING HIS BASES, IF ANY, FOR EQUITABLE TOLLING"; and it is further

**ORDERED** that, in the event Petitioner experienced extraordinary circumstances within the meaning of the standard detailed to him in this Court's opinion filed in <u>Gonzalez v. Rodriguez</u>, Civil Action No. 13-6919, Petitioner shall file a written statement detailing the precise events and their time frame.  Petitioner's written statement shall be free of self-serving factless allegations, and it shall be filed within thirty days from the date of this Memorandum Opinion and Order; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

    s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**