<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
CARLOS GONZALEZ,                        :
                                        : Civil Action No. 14-2958 (RMB)
            Petitioner,                 :
                                        :
       v.                               :
                                        :
JAVIER D. RODRIGUEZ, et al.,            :
                                        : **<u>MEMORANDUM OPINION AND ORDER</u>**
            Respondent.                 :
_____:

**BUMB, District Judge:**

    Since the relevant events have already been detailed in this Court's prior opinion, Docket Entry No. 2, it shall suffice to state that Petitioner, a state inmate, is challenging his numerous convictions rendered by the Law Division on April 19, 2007 (collectively, "2007 Conviction"). His Petition states that he did not pursue a direct appeal but filed an application for post-conviction relief ("PCR").[1] It also states that the Supreme Court of New Jersey denied certification as to the PCR on June 13, 2013. Petitioner filed his § 2254 Petition almost eleven months later, <u>i.e.</u>, on May 7, 2014.

    Noting that his judgment of conviction became final forty five days from April 19, 2007, this Court explained to Petitioner that his one-year AEDPA period was triggered on June 1, 2007, and expired on May 31, 2008, <u>i.e.</u>, more than two years prior to his

---

[1] This Court examined Petitioner's PCR records and determined that he filed the PCR application on June 14, 2010.

June 14, 2010, filing of the PCR application, thus rendering his Petition untimely unless he established a basis for equitable tolling.  See Docket Entry No. 2 (extensively detailing the relevant facts and law).  Pointing out that Petitioner: (a) offered this Court no factual predicate indicating that he experienced extraordinary circumstances warranting equitable tolling; and, moreover (b) waited almost eleven months to file his Petition after denial of certification as to his PCR, this Court dismissed the Petition as untimely and declined to issue a certificate of appealability, but retained temporary jurisdiction over this matter so to allow Petitioner an opportunity to state his grounds for equitable tolling, if any.  See id. at 4-6.[2]

In response, Petitioner filed a notice of appeal.  See Docket Entry No. 3.  Yet, one week later, he submitted a written statement to this Court asserting that his judgment of conviction did not become final on June 1, 2007, since: (a) he check-marked the entry reading, "At this time I desire to appeal and request

---

[2] The Court also noted that Petitioner was already advised of his obligation to detail his bases for equitable tolling in this Court's decision issued as to his other, prior § 2254 petition that: (a) challenged Petitioner's other convictions; and (b) was analogously untimely.  See Docket Entry No. 2, at 6 ("In light of Petitioner's election not to take advantage of his Bendolph opportunity as to his [prior] petition, an offer of the same opportunity as to his [instant] Petition might prove futile").  "However, out of an abundance of caution and mindful of Petitioner's pro se litigant status, this Court f[ound] it prudent to allow him a Bendolph opportunity [with regard to the Petition at bar]."  Id.

the services of the Public Defender[']s Office for such purpose" in a form provided by the State's Office of Public Defender; and (b) his public defender did not commence a direct appeal. See Docket Entry No. 5, at 1-5 (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000), and attaching a copy of the checked form).[3]

   Petitioner's written statement is procedurally improper and substantively meritless. Petitioner's act of filing a notice of appeal barred his later-filed written statement at this District. See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal"); see also Ingram v. Warden, 2011 U.S. Dist. LEXIS 7033, at *3 (D.N.J. Jan. 24, 2011) ("Simply put, [a litigant] cannot 'hedge his bets' by hoping that either continuing proceedings before this Court or his appeal before the Court of Appeals for the Third Circuit would yield a favorable result; rather, [he] is obligated to make an exclusive election").

   Furthermore, if this Court were to ignore the jurisdiction-stripping defect of Petitioner's written statement, Petitioner's

---

   [3] Petitioner's written statement is silent as to: (a) whether and when he changed his mind to appeal and advised his public defender accordingly; or (b) when the Public Defender's Office notified Petitioner of the fact that no appeal was filed, or when Petitioner learned of that fact on his own.

3

position is substantively meritless.  To the extent he challenges the date when his 2007 Conviction became final, that date could not be affected by his check-mark on the form provided by the Office of Public Defender.  Accord Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (to be "properly filed," an application must actually be delivered to and accepted by the state courts).  The form he check-marked, or his public defender's promise to file an appeal cannot render his never-filed appeal "properly filed."

In addition, Petitioner cannot convert the check-marked form into a viable ground for equitable tolling.  Even if this Court were to hypothesize that Petitioner was actively misled by his public defender as to an appeal being actually filed (even though Petitioner's written statement does not assert so), it is self-evident that Petitioner had to learn about the appeal being not filed prior to June 14, 2010, since he filed his PCR application on that date.[4]  Yet, he did not immediately file a § 2254 petition seeking equitable tolling on the grounds that he was misled by his public defender as to the pendency of appeal; he also did not seek stay and abeyance.  He continued litigating his PCR applications in state fora for three years.  Moreover, for almost eleven months after being denied certification as to PCR, he still continued sitting on his rights.

---

[4] Thus, at the very least, on June 14, 2010, i.e., almost *four years* prior to his execution of the Petition at bar, Petitioner came to know that his AEDPA period expired years ago.

4

He now comes to this Court arguing that, his delay notwithstanding, his Petition should be deemed timely because he check-marked a Public Defender's form almost seven years prior to his execution of the Petition at bar.  Entering a check-mark on a form cannot qualify as the persistent diligence the Supreme Court envisioned in Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (a petitioner is "entitled to equitable tolling" if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing), or in Holland v. Florida, 560 U.S. 631 (2010).[5]

Therefore, had Petitioner not filed his notice of appeal severing this Court's jurisdiction, Petitioner's written statement would offer this Court no basis for reconsideration of its prior decision.  Hence, the Petition will remain dismissed as untimely, with no certificate of appealability issued.[6]

---

[5] In Holland, the petitioner diligently pursued his rights by writing his attorney numerous letters with reminders about the deadlines, repeatedly requesting that the attorney be removed from his case, and filing his own pro se habeas petition on the very day he learned his AEDPA filing period had expired.

[6] Petitioner's reliance on Flores-Ortega is misplaced.  In Flores-Ortega, the Supreme Court addressed a substantive, rather than a procedural, inquiry when it reiterated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  528 U.S. at 477.  No statement in Flores-Ortega addressed the issue of timeliness, and its holding cannot be converted into a leave allowing a habeas litigant to sit on his rights for two years prior to filing his PCR and then for another year after having certification denied as to his PCR.

IT IS, therefore, on this **27th** day of **June 2014**,

**ORDERED** that the Clerk shall reopen this matter in light of Petitioner's filing of his written statement, Docket Entry No. 5, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's written statement, Docket Entry No. 5, is construed as a motion seeking reconsideration of this Court's prior order, Docket Entry No. 2; and it is further

**ORDERED** that Petitioner's written statement, Docket Entry No. 5, is dismissed as jurisdictionally improper in light of Petitioner's notice of appeal, Docket Entry No. 3, or, in alternative, is denied as substantively meritless; and it is further

**ORDERED** that this Court's prior order, Docket Entry No. 2, shall remain in full force; and it is further

**ORDERED** that the Petition, Docket Entry No. 1, shall remained denied as untimely; and it is further

**ORDERED** that this Court's election to decline issuance of a certificate of appealability shall remain undisturbed; and it is further

**ORDERED** that the Court conclusively withdraws its jurisdiction over this matter; and it is further

**ORDERED** that the Clerk shall close the file on this matter; and it is further

**ORDERED** that the Clerk shall forward this Memorandum Opinion and Order to the United States Court of Appeals for the Third Circuit, addressing it to the Clerk of the Court and accompanying it with a notation reading, "IN CONNECTION WITH USCA CASE NUMBER 14-3025 AND IN LIGHT OF PETITIONER'S FILING OF A MOTION FOR RECONSIDERATION"; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

    s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**